# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD BOND, )
)
       Petitioner/Defendant, )
) CIVIL NO. 07-cv-755-MJR
vs. )
) CRIMINAL NO. 05-cr-40057
UNITED STATES of AMERICA , )
)
       Respondent/Plaintiff. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Petitioner entered an open plea of guilty to conspiracy to distribute methamphetamine, and this Court imposed a sentence of 76 plus eight days months incarceration, three years supervised release, a special assessment of $375 and a fine of $100. Petitioner did not appeal, but he later filed this § 2255 motion.

In this motion, Petitioner states, accurately, that the judgment entered in his criminal case provides for 22 days of credit against his sentence for time spent in county jail. He also states that he was arrested on September 8, 2005, yet he was not sentenced until January 18, 2007. Thus, because he was told at the sentencing hearing that he would be given credit back to September 8, 2005, he argues that he should be granted 497 days of credit, rather than the 22 days indicated in the judgment.

In the first place, a motion under § 2255 is to be used to attack the fact of his conviction, or the actual computation of his sentence. In contrast, the award of sentence credit goes towards the execution of sentence, a challenge that should be raised under 28 U.S.C. § 2241. *United States v.*

*Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992).

More importantly, though, the Attorney General, not the district court, has the responsibility for administering a prisoner's sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The Attorney General acts through the Bureau of Prisons to determine where an inmate serves his sentence and whether or not the inmate receives credit for time served. *Jake v. Herschberger*, 173 F.3d 1059, 1063-65 (7th Cir. 1999); *United States v. Brumbaugh*, 909 F.2d 289, 290-91 (7th Cir. 1990). The district courts are limited to reviewing the BOP's decisions. *Koller*, 956 F.2d at 1417; *Brumbaugh*, 909 F.2d at 290. Therefore, Petitioner should have initially directed his requests to the BOP, not to the district court through a petition for habeas corpus. *Jake*, 173 F.3d at 1063; *Brumbaugh*, 909 F.2d at 291.

Petitioner has not alleged that he initiated, let alone exhausted, his administrative remedies with the BOP, so this Court has no decision of the BOP to review. Therefore, this Court cannot decide the merits of the instant motion. Rather, the motion must be dismissed without prejudice, allowing Petitioner to seek a remedy under § 2241 after exhausting his administrative remedies.

Consequently, Petitioner is not entitled to relief under Section 2255 of Title 28. Accordingly, the Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is without prejudice to Petitioner pursuing his claims through the appropriate channels.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED this 15th day of July, 2008.**

                                                  <u>s/ Michael J. Reagan</u>
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**